MaNly, J.
 

 The-decision, made in the Court below, is predicated upon the -construction that defendant’s obligations,
 
 *429
 
 arising out of the contract, were determinable by him, at will. In substance, it was there held- that a demand for the child operated as a rescisión of the covenant to pay the stipulated price for her support. This seems to us, not to be reasonable, and therefore, not the true construction of the instrument.— It amounts, according to this view, to nothing more than a putting of the child, with plaintiff, to be brought up; and.a promise to pay at the rate of $10 per month, for the time she might be permitted to stay there. The parties would hardly have conceived it necessary, to resort to the amount of verbiage, adopted in the paper, to evidence so simple an idea. We take it, something more was meant. Our construction is, that the child is committed for nurture and education to the plaintiff, to remain until the ward attained the age of twenty-one, unless plaintiff, 'in the mean time, shall fail to perform, or improperly fulfil her duties ; (other stipulations and conditions, not affecting our enquiries, we omit to notice.)
 

 The words of the paper are, that
 
 “
 
 the custody of the child may be resumed by defendant when he shall become dissatisfied with the manner of its education, treatment, or maintenance,
 
 or other cause?
 
 A capricious and wanton dissatisfaction, on the part of defendant, seems not to have been in the minds of the parties, and would be inconsistent with a fundamental idea in respect to mutual covenants, viz: equal, as well as mutual benefits and obligations. The defendant must have
 
 cause-
 
 — reasonable
 
 cause,
 
 for dissatisfaction. It is only in that state of things, he can terminate the woman’s right, under the contract, to the .custody of the child. And, it is very certain, that as long as the right is united with the actual custody, the plaintiff may recover the stipulated pay. There was error in the instructions to1 the jury, and there should, therefore, be a
 
 veni/re ele novo.
 

 Pee Cueiam,
 

 Judgment reversed.